**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3332-23

HELENE GAZZILLO and
PASQUALE GAZZILLO,

     Plaintiffs-Appellants,

v.

MARSHALLS OF ELIZABETH,
NJ, INC.,

     Defendant-Respondent.

_____

Argued March 12, 2025 – Decided March 24, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0291-23.

Lauren H. Papaleo argued the cause for appellants (Macnow & Papaleo, LLC, attorneys; Lauren H. Papaleo, on the brief).

Andrew L. Stern argued the cause for respondent (Weiner Law Group, LLP, attorneys; Andrew L. Stern, on the brief).

PER CURIAM

Plaintiff Helene Gazzillo appeals from the summary judgment dismissal of her amended complaint against defendant Marshalls of Elizabeth, NJ, Inc. We affirm.

We summarize the facts from the motion record in a light most favorable to plaintiff as the non-moving party. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). During the afternoon of May 1, 2021, plaintiff[1] slipped and fell on an unknown liquid substance while walking between the housewares and clothes sections of defendant's Manalapan store. Plaintiff filed an action in the Law Division, alleging defendant negligently maintained its store, causing her to fall and sustain serious personal injuries.

At deposition, plaintiff testified she was shopping alone in Marshalls for about ten minutes when she slipped and fell, "land[ing] on the back of [her] head." Plaintiff stated she was looking straight ahead when she fell and did not notice anything on the floor. After her fall, plaintiff's clothing and hair were wet, and she saw a store employee cleaning the floor with paper towels.

When deposed, the store employee who cleaned the floor after plaintiff's fall described the texture of the liquid as oily, odorless, see-through, and not

---

[1] We refer to Helene Gazzillo as plaintiff, although we recognize her husband, Pasquale Gazzillo, filed a derivative claim for loss of consortium.

A-3332-23

thick.  She also stated the liquid was approximately the size of a baseball.  The employee said she could not determine the source of the liquid or how long the liquid had been on the floor before plaintiff fell.  Nor was the employee aware of anyone else falling in the same area of the store that day.  She further testified there were no designated maintenance personnel to clean spills during shift hours, but the store manager and employees were responsible for cleaning spills using supplies located in the backroom.

In support of its summary judgment motion, defendant filed a certification from the store manager who stated, "Marshalls had a maintenance company that would clean the store each morning before the store opened for business including all of the floors in the store."  The manager further stated before opening for business each morning, and throughout the day, the store manager and sales associates "inspect[ed] the floors to make sure the[y] were clean, dry, free of spills[,] and free of hazards."

Following the close of discovery, defendant moved for summary judgment.  The motion judge granted defendant's application on the papers.  At the bottom of the June 20, 2024 order, the judge noted plaintiff failed to demonstrate defendant "had actual or constructive notice of the alleged hazard."

3

After plaintiff appealed, the judge issued a July 1, 2024 order and amplification statement. See R. 2:5-1(d). The judge reasoned:

> This matter is a slip and fall case that occurred in a retail store. The allegation is that . . . plaintiff slipped on a clear liquid on the floor. Discovery is over and there is no evidence by which a reasonable factfinder could find that the defendant was on actual or constructive notice of the hazard. In the opposing papers, plaintiff erroneously takes the position that notice is not required. See Carroll v. New Jersey Transit, 366 N.J. Super. 380 (App. Div. 2004).

On appeal, plaintiff argues the motion judge erroneously concluded she failed to demonstrate defendant had actual or constructive notice of the hazard. As a business invitee at the premises, plaintiff contends defendant had an affirmative duty to inspect its premises by conducting reasonable inspections. For the first time on appeal,[2] plaintiff claims our decision in Ryder v. Ocean County Mall, 340 N.J. Super. 504 (App. Div. 2001), supports her argument she was not required to prove notice because "the circumstances were such as to create the reasonable probability that the dangerous condition would occur." Plaintiff contends there were prior spills because the store had a backroom stocked with cleaning supplies for such incidents. She also asserts the judge

---

[2] During oral argument before us, counsel confirmed plaintiff did not argue the mode-of-operation doctrine in her responding motion brief.

incorrectly relied on <u>Carroll</u>, which applies to negligence actions against public entities.

We review de novo the trial court's grant of summary judgment. <u>Comprehensive Neurosurgical, P.C. v. Valley Hosp.</u>, 257 N.J. 33, 71 (2024). Employing the same standard as the trial court, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiff, as the non-moving party, nonetheless entitle defendant to judgment as a matter of law. <u>See</u> <u>Samolyk v. Berthe</u>, 251 N.J. 73, 78 (2022); <u>Brill</u>, 142 N.J. at 540; <u>see also</u> <u>R.</u> 4:46-2(c). We owe no deference to the trial court's legal analysis. <u>Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC</u>, 230 N.J. 427, 442 (2017).

To sustain a negligence claim, a plaintiff must demonstrate: (1) a duty of care, (2) that the duty has been breached, (3) proximate causation, and (4) injury. <u>Townsend v. Pierre</u>, 221 N.J. 36, 51 (2015). The plaintiff bears the burden of proving negligence, <u>see</u> <u>Reichert v. Vegholm</u>, 366 N.J. Super. 209, 213 (App. Div. 2004), and "must prove that unreasonable acts or omissions by the defendant proximately caused his or her injuries," <u>Underhill v. Borough of Caldwell</u>, 463 N.J. Super. 548, 554 (App. Div. 2020).

The required elements of a negligence claim in the context of a business invitee's fall at a defendant's premises are well established. A plaintiff must prove by a preponderance of the evidence: (1) defendant's actual or constructive notice of a dangerous condition; (2) lack of reasonable care by defendant; (3) proximate causation of plaintiff's injury; and (4) damages. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993); see also Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015); Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003).

In the present matter, there is no evidence in the motion record suggesting defendant had actual or constructive notice of the spilled liquid. We acknowledge plaintiff's argument that the defendant in Carroll was a public entity and, as such, actual or constructive notice was statutorily required to sustain a negligence claim under N.J.S.A. 59:4-3, which does not govern commercial businesses. However, even though plaintiff was not compelled by statute to demonstrate notice, case law clearly supports this requirement. Hopkins, 132 N.J. at 434; see also Prioleau, 223 N.J. at 257 (2015); Nisivoccia, 175 N.J. at 563.

Lastly, we need not consider plaintiff's belated reliance on the mode-of-operation doctrine. "We have often stated that issues not raised below will

ordinarily not be considered on appeal unless they are jurisdictional in nature or substantially implicate the public interest." N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 339 (2010). Although neither factor is implicated here, we have nonetheless considered plaintiff's contention and conclude nothing in the record supports an inference that her fall occurred near an area where unsealed liquid goods were sold, which would otherwise relieve plaintiff of demonstrating defendant's actual or constructive notice of a dangerous condition on its premises. See Model Jury Charges (Civil), 5.20F(11), "Mode of Operation Rule" (rev. Nov. 2022); see also Nisivoccia, 175 N.J. at 563; Jeter v. Sam's Club, 250 N.J. 240, 244 (2022); Ryder, 340 N.J. Super. at 509. We therefore reject plaintiff's reliance on the mode-of-operation doctrine.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division